Glenn R. Kantor – SBN 122643
  Email: gkantor@kantorlaw.net
Zoya Yarnykh – SBN 258062
  E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
WILLIAM LARKINS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM LARKINS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VOYA SERVICES COMPANY; SECURITY LIFE OF DENVER INSURANCE COMPANY, and DOES 1-23,<br><br>　　　　Defendants. | CASE NO:  8:21-cv-00270<br><br>COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff William Larkins herein sets forth the allegations of his Complaint against Defendants Voya Services Company and Security Life of Denver Insurance Company (collectively, "Defendants").

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant Voya Services Company (hereinafter "Voya") is a corporation incorporated in and with its principal place of business in the State of Delaware, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff is informed and believes that Defendant Security Life of Denver Insurance Company (hereinafter "Security Life of Denver") is a corporation incorporated in and with its principal place of business in the State of Colorado, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

5. Plaintiff William Larkins is a resident and citizen of the town of Huntington Beach, County of Orange, State of California.

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANTS
## FOR BREACH OF CONTRACT

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. On or about December 8, 1992, Walter W. Larkins, Jr., applied for a $200,000 life insurance policy from Monumental Life Insurance Company, which was later changed to ING Insurance Company, and subsequently to Voya Financial/Security Life. Plaintiff is informed and believes that at no point did Walter Larkins agree to a novation such that his coverage switched from Monumental Life to any other carrier.

8. Effective December 8, 1992, Walter W. Larkins, Jr., Plaintiff William Larkins's father, was issued a Life Insurance Policy No. 051949330 from Defendants' predecessors. Plaintiff is the beneficiary of the Policy. The death benefit on the Policy was at least $200,000.00.

9. At all times relevant, premiums due to maintain coverage in full force and effect under the Policy have been paid, or if not paid, such failure was solely due to the improper conduct of Defendants. At all relevant times, Walter W. Larkins, Jr., performed all obligations under the Policy on his part to be performed.

10. In or about October 23, 2020, Walter W. Larkins, Jr., died. Upon information and belief, the Policy were in full force and effect at that time. At the time of Walter Larkins's death, Plaintiff William Larkins was the named beneficiary of the life insurance policy benefits.

11. In or about October 2020, Plaintiff submitted a claim to Defendants under the Policy.

12. By letter dated January 5, 2021, Defendants advised Plaintiff that they determined that the Policy was terminated on March 10, 2019.

13. As a direct and proximate result of Defendants' improper determination and/or omissions in maintaining the Policy at issue, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. Defendants' conduct constitutes a breach of the Policy. As a direct and proximate result of Voya's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANTS
## FOR BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. Defendants have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when Defendants knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and provisions of the Policy, for the denial of Plaintiff's claims for life insurance benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the Policy to further discourage Plaintiff from pursuing benefits under the Policy.

16. Plaintiff is informed and believes and thereon alleges that Voya has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

17. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

18. As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damages in a sum to be determined at the time of trial.

19. As a further proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain the Policy benefits in a sum to be determined at the time of trial.

20. Defendants' conduct described herein was intended by it to cause injury to Plaintiff, was despicable with a willful and conscious disregard of the rights of Plaintiff, subjected him to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Voya and Security Life.

21. Defendants' conduct in wrongfully denying life insurance benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a substantial loss of property, and assets essential to his health and welfare.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Damages for failure to provide full benefits under the Policy, in an amount to be determined at the time of trial but in excess of $200,000 plus interest accrued at the rate of 10% annually from the date of Walter W. Larkins, Jr.'s death;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. Attorneys' fees reasonably incurred to obtain benefits under the Miller Policy in a sum to be determined at the time of trial;

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court deems just and proper.

DATED: February 10, 2021                KANTOR & KANTOR, LLP

                                                     By:   */s/ Glenn R. Kantor*
                                                         Glenn R. Kantor
                                                         Attorneys for Plaintiff

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: February 10, 2021          KANTOR & KANTOR, LLP

                                  By:   */s/ Glenn R. Kantor*
                                        Glenn R. Kantor
                                        Attorneys for Plaintiff
                                        WILLIAM LARKINS